IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENNY E. JAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-349-RP |
| | § | |
| WELLS FARGO, *as Trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2*, et al., | § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is a motion for summary judgment, (Dkt. 16), filed by Defendants Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2; Option One Mortgage Loan Trust; Ocwen Loan Servicing LLC; Ocwen Federal Bank FSB; and Option One Mortgage Corporation (collectively, "Defendants"). Having considered the parties' arguments, the evidence, and the relevant law, the Court will grant the motion in part and permit Plaintiff Benny Jay ("Jay") additional time to file a response.

## I. BACKGROUND

Jay, who is appearing *pro se*, filed this action in state court against Defendants to avoid the foreclosure of the real property located at 4305 Hyridge Drive in Austin, Texas (the "Property"). (Orig. Pet., Dkt. 1-2). In 2000, Jay secured a deed of trust in favor of Option One Mortgage Corporation ("Option One") in the amount of $388,000. (Deed of Trust, Mot. Summ. J. Ex. C, Dkt. 16-8). In 2012, Option One Mortgage Corporation assigned the deed of trust to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("the Trust") (Assignment, Mot. Summ. J. Ex. D, Dkt. 16-9).

1

Jay alleges a variety of deficiencies regarding the origination and transfer of interest in his deed of trust and his note. He alleges that his deed of trust was not properly assigned to the Trust. (Orig. Pet., Dkt. 1-2, ¶¶ 33–35). Jay alleges that Ocwen Loan Servicing is the actual holder and owner of the deed of trust and of the note. (*Id.* ¶ 38). He alleges that any documents purporting to transfer interest in his note are void. (*Id.* ¶ 40). Out of these allegations and others, Jay asserts causes of action against Defendants for: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); and (9) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"). (Orig. Pet., Dkt. 1-1, at 7–16). Defendants ask the Court to grant summary judgment in their favor on each of Jay's claims. (Mot. Summ. J., Dkt. 16, at 15).

Jay has not filed a timely response. *See* W.D. Tex. Loc. R. CV-7(e)(2) (requiring parties to file responses to dispositive motions within 14 days). Jay has also not responded to Defendants' requests for discovery, nor did he attend his deposition. (Clark Aff., Dkt. 16-2, at ¶¶ 3–4).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317,

2

323 (1986). The "burden of production at trial ultimately rests on the nonmovant" and the movant must merely show an "absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). The nonmoving party must then come forward with specific facts showing that there is a genuine issue for trial. *Id.* There is "no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 at 249.

The nonmovant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). The nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *see also Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). Summary judgment "cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." Fed. R. Civ. P. 56(e) advisory committee's note. Rather, if a party fails to properly address the opposing party's assertion of fact, a court should take an action designated by Rule 56(e). Fed. R. Civ. P. 56(e). "The choice among possible orders should be designed to encourage proper presentation of the record," and courts should "take extra care with *pro se* litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed." Fed. R. Civ. P. 56(e) advisory committee's note.

### III. DISCUSSION

Defendants have met their initial burden under Rule 56: in their motion for summary judgment, which applies to each of Jay's claims against each Defendant, they have informed the Court of the basis for their motion and identified the portions of the pleadings that demonstrate the

absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Accordingly, the burden shifts to Jay to identify evidence that demonstrates a genuine issue of material fact for trial. *Cuadra*, 626 F.3d at 812. Jay cannot rely on the allegations in his unsworn original petition. *Duffie*, 600 F.3d at 371; *Larry*, 929 F.2d at 211 n.12. Because Jay has not submitted a timely response to Defendants' motion, he has failed to address Defendants' assertions of fact with appropriate summary judgment evidence. The Court therefore has several options under Rule 56(e). In order to promote a proper presentation of the record and taking care to advise a *pro se* litigant of the need to respond appropriately, the Court will give Jay the opportunity to properly address the facts in Defendants' motion that his unsworn original petition fails to address.

However, the Court will address several arguments in Defendants' motion whose resolution does not turn on factual determinations. Defendants ask the Court to grant summary judgment on Jay's claims for fraud in the concealment, fraud in the inducement, IIED, slander of title, quiet title, and for violations of TILA and RESPA. (Mot. Summ. J., Dkt. 16, at 6–15). Because those claims fail as a matter of law, the Court need not wait for Jay to provide evidence in support of his allegations.

First, Jay's fraud in the concealment claim fails as a matter of law. Jay alleges that Defendants concealed the fact that his loan would be securitized, which had "an adverse effect on the value of [his] home," and that this concealment induced him into the loan transaction. (Orig. Pet., Dkt. 1-2, ¶¶ 74–82). A defendant's failure to disclose information does not constitute fraud "unless there is a duty to disclose the information." *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). In order for a duty to disclose to arise, the parties must be in a confidential or fiduciary relationship. *Union Pac. Res. Grp., Inc. v. Rhone–Poulenc, Inc.*, 247 F.3d 574, 586 (5th Cir. 2001). Lenders generally do not owe borrowers a fiduciary duty. *Jones v. Thompson*, 338 S.W.3d 573, 583 (Tex. App—El Paso 2010, pet. denied). Defendants are lenders or mortgagees; Jay is a borrower or mortgagor. As such, Defendants

4

do not owe Joseph a fiduciary duty. Therefore, Jay has failed to allege that Defendants owe him a duty to disclose, and therefore his claim for fraud in the concealment fails as a matter of law.

Second, Jay's fraud in the inducement claim fails as a matter of law. Jay alleges that Defendants misrepresented that they are the holder of the note and are attempting to collect on a debt in which they have no interest. (Orig. Pet., Dkt. 1-2, at ¶ 85). To prevail on a fraud claim, a plaintiff must prove that (1) the defendant made a material representation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) it intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001). That is, in a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Id.* The misrepresentations alleged by Jay, even if true, arose after he executed the note and the deed of trust and therefore cannot constitute conduct that induced him to execute those contracts. Accordingly, his claim for fraud in the inducement fails as a matter of law.

Third, Jay's claim for intentional infliction of emotional distress ("IIED") fails as a matter of law. Jay alleges that Defendants have threatened him with the loss of his property without having any interest in that property, which has caused him severe emotional distress. (Orig. Pet., Dkt. 1-2, at ¶¶ 91–101). To prevail on an IIED claim, a plaintiff must establish that the defendant acted "intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused her emotional distress; and (4) the emotional distress was severe." *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Jay alleges that Defendants' conduct has caused "[a] lack of sleep, anxiety, and depression." (Orig. Pet., Dkt. 1-2, at ¶ 98). To state a claim for IIED, a plaintiff "must

5

show more than mere worry, anxiety, vexation, embarrassment, or anger." *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 454 (Tex. App.—Dallas 2002, no pet.). Jay has failed to allege more than mere anxiety; his IIED claim therefore fails as a matter of law.

Fourth, Jay's slander of title claim fails as a matter of law. Jay alleges that Defendants disparaged his title by posting notices of default and sale. (Orig. Pet., Dkt. 1-2, at ¶¶ 102–09). A plaintiff is "required to prove the loss of a specific sale or sales in order to recover on [the plaintiff's] slander of title action." *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983); *see also Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 116 (Tex. App.—El Paso 1997, pet. denied) ("[A] claim for slander of title does not accrue until there has been a loss of a specific sale."). Because Jay has not pleaded the loss of a specific sale, Defendants are entitled to summary judgment on his slander of title claim.

Fifth, Jay's quiet title claim fails as a matter of law. Jay alleges that Defendants have no interest in the property because none "hold a perfected and secured claim" to the property. (Orig. Pet., Dkt. 1-2, at 110–17). Although it is not stated explicitly, Jay's allegations appear to be related to his claims elsewhere that only the Trust's certificateholders are the holders of the note. (*Id.* ¶¶ 55–59). "A suit to quiet title is an equitable action . . . [and a] plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). "[A] plaintiff asserting a quiet title claim has the burden of establishing his superior right to the property." *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) (citing *Fricks*, 45 S.W.3d at 327). The United States Court of Appeals for the Fifth Circuit ("Court of Appeals") has repeatedly held that challenges to the validity of an assignment of a deed of trust are not a sufficient basis for a quiet title action under Texas law. *Mason*, 671 F. App'x at 883; *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014); *Morlock, L.L.C. v. JP Morgan Chase Bank*, N.A., 586 F. App'x 631, 633 (5th Cir. 2013). The Court of Appeals has similarly rejected—as a matter of law—quiet title actions premised

6

on the theory that a defendant "is not the present owner of the note" and therefore lacks "the right to sell the property at a foreclosure sale." *Warren*, 566 F. App'x at 381, 383. Jay's quiet title is based not on the strength of his own title but on allegations about ownership of the note and the validity of the assignments of Jay's deed of trust. As the Court of Appeals has explained, these allegations are insufficient to state a quiet title claim under Texas law.

Jay's claims for damages and rescission under TILA fail because they are time-barred. (Orig. Pet., Dkt. 1-2, at 130–36, 144–48). Jay alleges that he executed his note in December 2000. (*Id.* ¶ 28). A claim for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). A claim for rescission is subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). A cause of action under TILA accrues on the date the financial transaction occurred. *See Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (stating that "[c]oncluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation" because "[t]he violation occurs when the transaction is consummated") (citation and quotation marks omitted). Accordingly, Jay's causes of action accrued well over a decade ago, and his claims are barred by TILA's statutes of limitations.

Finally, Jay's RESPA claim fails because it is time-barred. (Orig. Pet., Dkt. 1-2, at 137–43). A RESPA cause of action is subject to either a one- or three-year statute of limitations, and it accrues when the violation is alleged to have occurred. 12 U.S.C. § 2614. Jay does not specify which provision of RESPA provides him with a cause of action; however, he does allege that his cause of action arises out of misrepresentations made at the time the note was executed. (Orig. Pet., Dkt. 1-2, at 137–43). Even under RESPA's longest statute of limitations, Jay's claim would be time-barred.

## VII. CONCLUSION

For these reasons, the Court **ORDERS** that Defendants' Motion for Summary Judgment, (Dkt. 16), is **GRANTED IN PART**. Specifically, Defendants' motion is granted with respect to

7

Jay's causes of action for fraud in the concealment, fraud in the inducement, IIED, slander of title, quiet title, and for violations of TILA and RESPA. Those claims are **DISMISSED WITH PREJUDICE**.

With respect to Jay's remaining claims, Jay shall be given the opportunity to properly address the facts in Defendants' motion that his unsworn amended complaint and response fail to address. Jay shall file a response to Defendants' motion **on or before June 29, 2018**. If Jay fails to timely file a response within this extended response period, the Court will dismiss his claims without prejudice. Defendants shall file a reply, if at all, **within fourteen days** of Jay's response.

Finally, in light of this supplemental briefing schedule, the jury trial currently scheduled for July 23, 2018, is **VACATED**. The Court will reschedule the trial at a later date following the parties' briefing.

**SIGNED** on June 12, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE